Syllabus—Opinion.

## JOHN LOTEMAN *vs.* PEOPLES RAILWAY COMPANY.

*Count Averring Negligence—Collision of Street Car With Vehicle—*
*Statement of Facts—Sufficiency.*

1. In a count which does not show by what acts or in what respect the defendant "negligently and carelessly operated and ran one of its cars" when the car struck the horse and wagon, and does not show by what acts or in what respect "through the negligence and carelessness of the defendant" the car thereafter dragged the horse and wagon into collision with the plaintiff's cart, it is impossible, in the absence of a statement of any facts of negligence that contributed to either collision, for the defendant to know, or for the Court to determine, *first*, what act of negligence caused either collision, and *second*, whether there was one act of negligence that caused the first collision and another act that caused the second collision, or whether the act of negligence that caused the first was continuing and was the same act that caused the second; and such a count is demurrable

2. A count averring that the defendant "so negligently and carelessly omitted and neglected to use proper care and caution in operating and running one of its cars" that the first collision mentioned therein occurred, and "thereupon and after the said collision had occurred, did through the negligence and carelessness of the said defendant, carry and drag the said horse and wagon along whereby the said wagon or dearborn was pushed violently against the plaintiff's cart, etc., is demurrable.

The rule announced in *Campbell vs. Walker*, (*ante*) was followed.

(*June* 2, 1910.)

Del. case cited: *Garrett vs. Peoples Ry. Co.*, 6 *Penn.* 29.

Judges CONRAD and WOOLLEY sitting.

*Anthony Higgins* for plaintiff.

*Robert H. Richards* for defendant.

Superior Court, New Castle County, May Term, 1910.

DEMURRER. ACTION ON THE CASE (No. 66, November Term, 1909). Pleading and question of law appear in the opinion of the Court.

WOOLLEY, J., delivering the opinion of the Court:

Opinion.

The third count of the declaration charges that the defendant. "so negligently and carelessly operated and ran one of its cars * * * upon one of the public streets of the City of Wilmington * * * that thereby the said car collided with a certain vehicle, commonly called a wagon or dearborn, and with a certain horse attached thereto, which were then and there being drawn along said * * * street, and that thereupon and after said collision occurred, the said horse and wagon or dearborn were then and there, through the negligence and carelessness of the defendant, carried and dragged by said car along said * * * street, and the said wagon or dearborn was pushed violently against a cart, which was then and there being lawfully driven by said plaintiff on said street, whereby the said plaintiff was injured." To this count the defendant demurred specially, stating as a cause of demurrer, that "it doth not sufficiently appear * * * in what respect the defendant is alleged to have negligently and carelessly operated and ran one of its cars."

The substance of the count is that the defendant so negligently operated one of its cars that thereby the car collided with a horse and wagon, and thereupon the horse and wagon, through the negligence of the defendant, were dragged along the street and then pushed against the plaintiff's cart, resulting in his injury.

As it appears that both the plaintiff and the defendant were using a public street as a public highway, and were respectively entitled to the rights and subject to the duties given and imposed by the law respecting the movement of their vehicles (*Garrett vs. Peoples Ry. Co.*, 6 *Penn.* 29, 32), the Court sees no distinction either in the general principles of law or in the rules of pleading that govern this case and those that govern the case of *Campbell vs. Walker* decided on demurrer at the present term.

The averment of negligence in this case is like that in *Campbell vs. Walker*, in so far as it states a fact of collision without stating the acts of negligence that caused the collision, and is different from the averment in *Campbell vs. Walker*, in that it makes two averments of negligence, and contemplates either two acts of negligence resulting in the one collision that caused the injury, or one act of negligence resulting in two collisions. In

other words, as the first averment does not show by what acts or in what respect the defendant "negligently and carelessly operated and ran one of its cars," when the car struck the horse and wagon, and as the second averment does not show by what acts or in what respect the defendant was negligent when he declares that "through the negligence and carelessness of the defendant" the car thereafter dragged the horse and wagon into contact or collision with the plaintiff's cart, it is quite impossible, in the absence of a statement of any facts of negligence that contributed to either collision, for the defendant to know or for the Court to determine, first, what act of negligence caused either collision, and second, whether there was one act of negligence that caused the first collision and another act that caused the second collision, or whether the act of negligence that caused the first collision, was continuing in its nature and was the same act that caused the second collision.

Following the rule in *Campbell vs. Walker* and supported by the cases there cited, the Court sustains the demurrer to the third count of the declaration.

The fourth count of the declaration avers that the defendant "so negligently and carelessly omitted and neglected to use proper care and caution in operating and running one of its cars" that the first collision occurred, and "thereupon and after the said collision had occurred, did, through the negligence and carelessness of the said defendant, carry and drag the said horse and wagon along * * * whereby the said wagon or dearborn was pushed violently against" the plaintiff's cart, etc. The same ground of objection in principle, was made by demurrer to this count as to the former one, and the same defect appearing therein, the demurrer is sustained.